S01Y0052. IN THE MATTER OF PAUL McGEE.
(540 SE2d 607)

PER CURIAM.

The State Bar filed Formal Complaints against Respondent Paul McGee alleging violations of Standards 44 (lawyer shall not without just cause to the detriment of his client wilfully abandon or wilfully disregard a legal matter entrusted to him) and 68 (lawyer shall not fail to respond in accordance with the State Disciplinary Board rules) of Bar Rule 4-102 (d) in State Disciplinary Board Docket Nos. 3875 and 3876, and an additional violation of Standard 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned) in State Disciplinary Board Docket No. 3875. McGee acknowledged service of the complaints in August 1999 and filed petitions for voluntary discipline in both of the cases, admitting to violating Standard 68 and requesting appropriate discipline. The State Bar advised McGee that it would recommend rejection of his petitions if he did not include responses to the other substantive allegations in the complaints, but that it would not do so as long as the parties engaged in meaningful settle-

ment discussions, which they did until the end of 1999. The State Bar has been unable to determine McGee's whereabouts since that time. McGee remains suspended for his failure to respond to the Investigative Panel in State Disciplinary Board Docket No. 3875. On April 17, 2000, the special master issued an order rejecting the petitions, see Bar Rule 4-227 (c) (2), and ordering McGee to respond to the Formal Complaints within 30 days or be in default. The service copy of the order was returned as undeliverable, and the special master ordered the State Bar to publish notice of the order, which it did on May 25, 2000. As McGee failed to file his answers within 30 days of the publication date as provided in the notice, the special master found him in default, deeming admitted all facts and violations in the complaints, see Bar Rule 4-212 (a), and recommending that McGee be disbarred from the practice of law as an appropriate sanction. We agree. The special master filed his report directly in this Court as neither party requested a Review Panel review; therefore, the parties have waived any right to file exceptions with and make request for oral argument to this Court. Bar Rule 4-217 (c).

The facts as deemed admitted show that in one case, a client hired McGee to represent him in a criminal matter and paid McGee $1,500. McGee visited the client in prison and the client told McGee that the sentence review panel had denied his appeal. McGee told the client he would take action on the client's behalf, but McGee failed to do so, failed to communicate with the client, and failed to refund the unearned $1,500 fee. When McGee failed to respond to the Notice of Investigation filed in response to the client's grievance, McGee was suspended from the practice of law on March 17, 1999 and remains suspended. By default, McGee has admitted that his conduct in this matter violated Standards 44 (which may be punished by disbarment), 23 and 68 (both of which may be punished by a public reprimand). In the other case, a client retained McGee to file a petition for writ of habeas corpus and paid McGee a total of $2,000. McGee did not file the petition, failed to communicate with the client, took and retained possession of the client's trial transcript, and failed to return to the client the unearned fee. Through his failure to respond to the disciplinary authorities, McGee admits violating Standards 44 and 68 in this case.[1]

We agree with the special master that disbarment generally is appropriate where, as here, a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client, and that the proper discipline for such conduct

---

[1] Although it recites that McGee failed to return the client's unearned fee, the State Bar did not charge McGee with a violation of Standard 23 in this case.

is aggravated by multiple offenses and bad faith obstruction of the disciplinary proceedings. Accordingly, we hereby disbar Paul McGee from the practice of law in the State of Georgia. To the extent he has not already complied with it, he is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.